# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-16-119-R-4 |
| | ) | |
| RANDY LYNN NICHOLS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court is in receipt of a letter from Defendant Randy Lynn Nichols, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. No. 1810. The Court finds as follows.

It is well-settled that "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, *1 (W.D. Okla. Dec. 5, 2019) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Prior to the passage of the First Step Act (the "Act"), only the Director of the BOP could seek compassionate release under 18 U.S.C. § 3582(c). The Act, passed in December of 2018, enables defendants to seek modification of a term of imprisonment directly from the Court in the event the Bureau of Prisons, via the warden, declines to file such a motion, and the defendant properly exhausts his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

Under the Act, a defendant may file a motion seeking compassionate release from custody, however, first he must have "*fully* exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…". 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief. *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence). The Court has determined that exhaustion is mandatory and not subject to waiver.[1] *United States v. Heath*, No. CR-13-102 SLP, 2020 WL 1957916 (W.D. Okla. Apr. 23, 2020).

Defendant has not *fully exhausted* his administrative remedies here. The warden denied Defendant's request for release on May 19, 2021. Doc. No. 1810-1, p. 17. However, Defendant provides no indication of the date that the warden *received* his request. Thus, the Court is unable to determine whether the warden denied the Defendant's request within 30 days, and the Court cannot ascertain whether he exhausted his administrative remedies through the BOP.[2] *See e.g.*, *Johnson*, 766 F. App'x at 650. Accordingly, Defendant has

---

[1] Mandatory exhaustion is supported by the vast majority of federal courts that have addressed the issue. *See, e.g., United States v. Woodson*, CR-19-24-SLP, Doc. 31, at *3–5 (W.D. Okla. Apr. 13, 2020) (finding that the defendant's failure to satisfy the exhaustion requirement in § 3582(c)(1)(A) was jurisdictional, and could not be waived—even considering the COVID-19 pandemic); *United States v. Troncoso*, CR-17-104-HE, Doc. 420, at *1–2 (W.D. Okla. Apr. 16, 2020) (same); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887 at *2 (D. Kan. Apr. 10, 2020) (same); *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773 at *1 (D. Colo. Apr. 3, 2020) (same); *United States v. Raia*, 954 F.3d 594 (3d Cir. Apr. 2, 2020) (same); *United States v. Daniels*, No. 4:08-CR-0464-SLB, 2020 WL 1938973, at *3 (N.D. Ala. Apr. 22, 2020) (listing additional cases).

[2] To *fully* exhaust his remedies with the BOP, Defendant must follow the BOP's four-step administrative process to address inmate grievances: (1) informal resolution; (2) submission of complaint to the warden on form BP-9; (3)

not properly exhausted his administrative remedies and the Court lacks jurisdiction to grant him relief. *See United States v. Saxon*, No. 3:17-CR-128, 2020 WL 4530735 (M.D. Pa. Aug. 6, 2020) (emphasis added). Therefore, Defendant's motion, Doc. No. 1810, is hereby DISMISSED.

**IT IS SO ORDERED** on this 7th day of June 2021.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

appeal to the Regional Director of BOP on form BP-10; and (4) final administrative appeal to the General Counsel of BOP on form BP-11. 28 C.F.R. §§ 543.13-15.